UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RALPH JACKWAY, #252862,

                Petitioner,                  Case No. 15-cv-11491

v.                                          Honorable Thomas L. Ludington

JEFFREY WOODS,

                Respondent.

_____/

**OPINION AND ORDER DENYING AND DISMISSING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner, Ralph Jackway, confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in the Lapeer County Circuit Court of second-degree home invasion, Mich. Comp. Laws § 750.110a(3); and unlawfully driving away an automobile (U.D.A.A.), Mich. Comp. Laws § 750.413. Petitioner was sentenced as a fourth-felony habitual offender under Mich. Comp. Laws § 769.12 to nine to thirty years in prison on the second-degree home invasion charge and nine to fifteen years in prison on the U.D.A.A. conviction. Petitioner contends: (1) that his speedy trial rights were violated when he was not brought to trial within 180 days of the prosecutor receiving notice that he was incarcerated on another offense; (2) that the evidence was insufficient to convict; (3) that trial counsel was ineffective; (4) that Petitioner was forced to go to trial in jail clothing and while wearing other visible restraints; (5) that the prosecution witness committed perjury; (6) and that habeas relief should be granted because Petitioner is innocent. The respondent has filed an answer to the petition, asserting that the

claims lack merit. Petitioner's claims are indeed without merit, therefore the petition will be denied.

## I.

The facts relied upon by the Michigan Court of Appeals are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009). They are recited here verbatim.

> This case arises out of the break-in of Mark and Mary Becker's home and the theft of Herbert Cornette's pickup truck. The truck was found stuck in a snow bank near the Beckers' home, and police later found defendant in possession of the Beckers' jewelry and camcorder.
>
> . . .
>
> Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence for a rational juror to find beyond a reasonable doubt that defendant committed the crime. Christine Roberts, defendant's then girlfriend, testified that defendant admitted to her that he broke into a home and stole property. She also saw him possess this property. Police officers found some of the stolen property in defendant's home. And defendant admitted at trial that he possessed the stolen property. He also admitted to Roberts that he had Cornette's truck and footprints in the snow led from the truck to the Beckers' home.
>
> . . .
>
> Defendant argues that there was insufficient evidence showing that he took the truck without the owner's permission because Cornette did not hold legal title to the truck. However, MCL 257.37(a) provides that an individual who has exclusive use of a motor vehicle for more than 30 days is considered an "owner" of that vehicle. The facts, viewed in a light most favorable to the prosecution, were sufficient for a rational juror to find that Cornette exclusively used the truck for more than 30 days. That is, Cornette's actions of purchasing the truck, installing a new motor in it, keeping it on his property for six months, deciding to sell it after the crime, and then receiving the proceeds of its sale, permitted the jury to reasonably infer that he exclusively used the truck for more than 30 days.
>
> Further, there was sufficient evidence for a rational juror to find that the other elements of UDAA were proven beyond a reasonable doubt. It is undisputed that Cornette never granted defendant permission to use the truck on the night at issue. Roberts testified that defendant admitted to her that he had Cornette's truck. Testimony established that defendant called an acquaintance on the night of the crime and asked for help because he was "stuck." The area where the truck was

found, and the truck itself, visibly showed that it was stuck. Moreover, the evidence connecting defendant to the home invasion supported that he drove the truck. Accordingly, there was sufficient evidence for a rational juror to convict defendant of UDAA.

*People v. Jackway*, No. 313703, 2014 WL 1510120, at * 1-3 (Mich. Ct. App. Apr. 15, 2014).

Petitioner's conviction was affirmed on appeal, although the case was remanded to correct Petitioner's sentencing guidelines score. *Id.*, *lv. den.* 853 N.W.2d 340 (Mich. 2014); *reconsideration den.*, 858 N.W.2d 447 (Mich. 2015).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The state appellate courts failed to make good faith efforts to consider 180 day rule was violated where prosecutor had been notified of [Jackway's] location about 469 days before trial. (190 days before arraignment.)

II. Truthful evidence was insufficient to convict [Jackway] on home invasion and UDAA charges, requiring dismissal of conviction(s) for constitutional violations.

III. [Jackway was] denied effective assistance of counsel during the preliminary process and trial proceedings.

IV. Miscarriage of justice and actual innocence of [Jackway] relies firmly on enclosed motion and brief for new trial, dated 10-21-12.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), governs all habeas applications filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326−27 (1997). In this case, Jackway's habeas application was filed in April 2015; therefore, his petition is governed by AEDPA.

AEDPA created new standards for review of state court decisions under 28 U.S.C. §2254(d). Paragraph (d), as amended, reads as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

      (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

Under §2254(d)(1), a federal court may grant a writ of habeas corpus under two different clauses, both of which provide the basis for relief: (1) the "contrary to" clause or (2) the "unreasonable application" clause. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

Under the "contrary to" clause, a federal court may grant habeas relief in two different ways. First, if the state court arrives at a conclusion that contradicts the governing law set forth in Supreme Court cases. *Id.* Second, if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Id.* As the Supreme Court explains, the words "contrary to" should be construed to mean "diametrically different, opposite in character, or mutually opposed." *Id.* at 405. Accordingly, "the state court's decision must be substantially different from . . . [relevant Supreme Court precedent]." *Id.*

A federal court may grant habeas relief under the "unreasonable application" clause in two different ways as well. First, "if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Id.* at 413. Second, if the state court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context where it should apply. *Williams*, 529 U.S. at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state court's decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 409−11. The Supreme Court explains that the writ of habeas corpus "is a 'guard against

extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 131 S. Ct. at 786–87.

When analyzing whether a state court's decision is "contrary to" or an "unreasonable application" of clearly established federal law, a federal court may only look to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams*, 529 U.S. at 412. However, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). In addition, a court may not look to lower federal court decisions to formulate the relevant rule of law; but, it may look to lower federal courts decisions to assess the reasonableness of the state court's resolution of an issue. *Smith v. Stegall*, 385 F.3d 993, 998 (6th Cir. 2004). Accordingly, "[u]nder AEDPA, if there is no 'clearly established Federal law, as determined by the Supreme Court,' that supports a habeas petitioner's legal argument, the argument must fail." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)) (emphasis in original).

**III.**

**A.**

- 5 -

Petitioner first contends that his right to a speedy trial was violated because he was brought to trial in violation of the 180 day rule set forth in Mich. Comp Laws § 780.131(1) and M.C.R. 6.004(d). Petitioner is not entitled to habeas relief on his claim that his right to a speedy trial was deprived violation of Michigan's 180 day rule because it is a state law claim. *See Burns v. Lafler*, 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004). A violation of a state speedy trial law by state officials, by itself, does not present a cognizable federal claim that is reviewable in a habeas petition. *Burns,* 328 F. Supp. 2d at 722 (citing *Poe v. Caspari*, 39 F. 3d 204, 207 (8th Cir. 1994); *Wells v. Petsock*, 941 F. 2d 253, 256 (3rd Cir. 1991)). Petitioner's allegation that the State of Michigan violated its own 180 day rule would therefore not entitle him to habeas relief. *Id.*

To the extent that Petitioner is claiming that he was denied his Sixth Amendment right to a speedy trial, his claim is without merit. The Sixth Amendment guarantees a criminal defendant the right to a speedy trial. U.S. CONST. Amend. VI. To determine whether a speedy trial violation has occurred, the court must consider the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The length of delay is a "triggering factor" because "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker,* 407 U.S. at 530. Therefore, to trigger a speedy trial analysis, the accused must allege that the interval between the accusation and the trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. *Doggett v. United States,* 505 U.S. 647, 651-52 (1992). Courts have generally found postaccusation delays that approach one year to be "presumptively prejudicial". *Id.* 505 U.S. at 652, n. 1; *United States v. Brown,* 90 F. Supp. 2d 841, 846 (E.D. Mich. 2000).

- 6 -

Petitioner was not arraigned on this offense until December 6, 2011. Petitioner went to trial on September 20, 2012, some nine months later. Although an arrest warrant had been issued for Petitioner prior to his arraignment, this would not trigger the right to a speedy trial. The Supreme Court noted that it is "[e]ither a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *United States v. Marion,* 404 U.S. 307, 320 (1971). Therefore, although the invocation of the Speedy Trial Clause of Sixth Amendment need not await indictment, information or other formal charge, the provision of the Speedy Trial Clause does not reach to the period prior to arrest. *Id.* The issuance of an arrest warrant does not, in and of itself, trigger the right to a speedy trial. *See United States v. Ramos,* 586 F. 2d 1078, 1079 (5th Cir. 1978).

There was only a nine month delay between Petitioner's arraignment and trial, which is not presumptively prejudicial. *See United States v. Gardner,* 488 F.3d 700, 719 (6th Cir. 2007) (nine month delay between indictment and trial not presumptively prejudicial). Because Petitioner has failed to establish that his nine month delay was presumptively prejudicial, it would be unnecessary for this Court to inquire into the other *Barker* factors. *Id.* Petitioner is not entitled to habeas relief because the nine month delay between his arraignment and his trial is not presumptively prejudicial. *See Wilson v. Mitchell,* 61 Fed. Appx. 944, 946 (6th Cir. 2003)(unpublished).

**B.**

Petitioner next contends that there was insufficient evidence to support his convictions.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the

crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id*. at 318-19 (internal citation and footnote omitted) (emphasis in the original). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir.

1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Petitioner first contends that there was insufficient evidence to establish his identity as the person who broke into the Beckers' home. The elements of second degree home invasion under Michigan law are "(1) a breaking, (2) an entry, and (3) specific intent to commit a felony or a listed crime." *United States v. Howard*, 327 F. App'x 573, 575 (6th Cir. 2009). Petitioner does not dispute that the elements of second-degree home invasion were proven but claims that there was insufficient evidence to establish that he was the perpetrator. Under Michigan law, "[t]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x 147, 150 (6th Cir. 2003) (citing *People v. Turrell*, 181 N.W.2d 655, 656 (Mich. Ct. App. 1970)).

Petitioner's girlfriend, Christine Roberts, testified that Petitioner admitted to her that he broke into a home and stole property. Roberts saw him possess this property. "[T]he testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction."s *Brown v. Davis,* 752 F. 2d 1142, 1144 (6th Cir. 1985)(internal citations omitted). "[A]n admission by the accused identifying himself as the person involved in the [crime] is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F.2d 490, 494 (8th Cir. 1979); *See also Sok v. Romanowski,* 619 F. Supp. 2d 334, 351 (W.D. Mich. 2008) (holding there was sufficient evidence to establish petitioner's identity as armed robber where his admissions placed him at the location of the crime). In the present case, there was independent evidence that a home invasion had taken place. Petitioner's admission of guilt was sufficient evidence to establish his guilt for the home invasion charge.

In addition, police officers found some of the stolen property in Petitioner's home. Petitioner also told Roberts that he had Cornette's truck and footprints in the snow led from the truck to the Beckers' home. Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. *Johnson v. Coyle,* 200 F. 3d 987, 992 (6th Cir. 2000) (internal quotations omitted). The identity of a defendant can be inferred through circumstantial evidence alone. *See Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). This additional circumstantial evidence was sufficient to establish Petitioner's identity as the perpetrator separate and apart from his girlfriend's testimony.

To the extent that Petitioner challenges the credibility of the prosecution witnesses, particularly Christine Roberts, he would not be entitled to relief. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* Any insufficiency of evidence claim that rests on an allegation of the witnesses' credibility, which is the province of the finder of fact, does not entitle a habeas petitioner to relief. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

Petitioner further contends that there was insufficient evidence to convict him of U.D.A.A. because there was no evidence that he took the truck without the owner's permission because Cornette did not own legal title to the truck. The Michigan Court of Appeals rejected this claim, on the ground that Mich. Comp. Laws § 257.37(a) provides that an individual who

has exclusive use of a motor vehicle for more than 30 days is considered an "owner" of that vehicle under Michigan law. The Michigan Court of Appeals further concluded that there was sufficient evidence for a rational juror to find that Cornette exclusively used the truck for more than 30 days. *People v. Jackway*, 2014 WL 1510120, at *2.

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). What is essential to establish an element of a crime, like the question whether a given element is necessary, is a question of state law, for which federal habeas review is not available. *See Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002). Moreover, a federal court on habeas review must distinguish genuine sufficiency of the evidence claims from state law claims merely disguised as *Jackson* claims. *Id.* (citing *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991)). This Court must therefore defer to the Michigan Court of Appeals' construction of the elements of state crimes. *See Coe v. Bell*, 161 F.3d 320, 347 (6th Cir. 1998).

The Michigan Court of Appeals concluded that under Michigan law, Mr. Cornette was the owner of the vehicle and his testimony that he did not give Petitioner permission to drive the truck was sufficient to support Petitioner's U.D.A.A. conviction. This Court must defer to the Michigan Court of Appeals' construction of the elements of U.D.A.A. and therefore cannot grant habeas relief on any claim that the Michigan Court of Appeals misinterpreted Michigan law.

## C.

Petitioner next alleges he was denied the effective assistance of counsel.[1]

---

[1]    Respondent contends that several of Petitioner's ineffective assistance of counsel claims are unexhausted but meritless. Assuming that some of Petitioner's claims have not been properly exhausted with the state courts, an

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below

---

unexhausted claim may nonetheless be rejected if it lacks merit. *See Burton v. Bock,* 239 F. Supp. 2d 686, 691 (E.D. Mich. 2002) (citing 28 U.S.C. § 2254(b)(2); *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir.1991)). In the interest of judicial economy, and to avoid any further burden on the state courts if Petitioner were to return there to attempt to exhaust these claims in a post-conviction motion, Petitioner's unexhausted claims will be addressed on the merits.

*Strickland's* standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101. "Surmounting *Strickland*'s high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner first claims that his first trial counsel was ineffective for failing to call alibi witnesses at his preliminary examination.

Under *Strickland*, a court must presume that decisions by counsel as to whether to call or question witnesses or present evidence are matters of trial strategy. *See Hutchison v. Bell*, 303 F. 3d 720, 749 (6th Cir. 2002). "A preliminary examination is not the time to create questions of fact or present a defense to the charges." *People v. Hill*, 282 Mich. App. 538, 546, 766 N.W.2d 174 (2009); *aff'd in part, vacated in part on other grounds*, 773 N.W.2d 257 (Mich. 2009)(citing *People v. Goecke*, 457 Mich. 442, 469-470, 579 N.W.2d 868 (1998)). Presenting alibi witnesses at the preliminary examination "would have been futile because the district court is not permitted to discharge a defendant [at a preliminary examination] on the basis of factual or credibility disputes." *Id.* Thus, counsel was not ineffective for failing to present a defense at the preliminary examination. *Id.*

Petitioner next claims that counsel was ineffective for failing to bring a motion to quash the information. Petitioner makes no allegation that the evidence was insufficient to bind

Petitioner over for trial. In this case, there was sufficient evidence presented at the preliminary examination to support Petitioner's bindover for trial. Accordingly, Petitioner is unable to show that counsel was ineffective for failing to file a motion to quash the information. *See, e.g.*, *Dell v. Straub*, 194 F. Supp. 2d at 649.

Petitioner next contends that he was denied the effective assistance of counsel because his first attorney failed to file a motion to dismiss based on a violation of the 180 day rule. Petitioner's second attorney, who was appointed to replace the first attorney, did file a motion to dismiss the charges because of the alleged 180 day rule violation, which was denied. Petitioner was not denied the effective assistance of counsel by his first attorney's failure to file a motion to dismiss based on the 180 day rule, when his replacement counsel did, in fact, file such a motion, which was denied by the trial court. *See United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014). In addition, Petitioner filed a post-trial motion for a new trial, in which he again moved for the charges to be dismissed based on a violation of the 180 day rule. *See* Def.'s Mot. for New Trial, ECF No. 11-12. The judge denied the motion for a new trial at sentencing. (Tr. 11/19/12, pp. 9-11). In light of the fact that the judge rejected Petitioner's 180 day rule claim when denying the motion for a new trial, Petitioner is unable to show that he was prejudiced by any failure of his attorney to raise this claim earlier. *See Butler v. Renico*, 255 F. App'x 939, 947 (6th Cir. 2007).

Petitioner next contends that his first and his second attorneys were not honest with the trial judge about the attorney-client relationship between Petitioner and themselves and portrayed Petitioner as a problem client.

Petitioner has offered no proof in support of this claim nor does he offer any argument as to how he was prejudiced by his attorneys' allegedly negative remarks. Conclusory allegations of

- 14 -

ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).

Petitioner next contends that trial counsel was ineffective for failing to call Christa Robbins as an alibi witness at trial.

Although Petitioner mentioned Christa Robbins's name in his supplemental *pro per* Rule 4 brief, Petitioner did not attach any affidavit from this witness to his supplemental brief. He also has not provided this Court with an affidavit from Ms. Robbins concerning her proposed testimony and willingness to testify on Petitioner's behalf. As mentioned above, conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d at 771. By failing to present any evidence to the state courts in support of his ineffective assistance of counsel claim, Petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002) (citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner has not attached any offer of proof or any affidavits sworn by the proposed witness. Petitioner has not offered, either to the Michigan courts or to this Court, any evidence beyond his own assertions as to whether Christa Robbins would have been able to testify and what the content of her testimony would have been. In the absence of such proof, Petitioner is unable to establish that he was prejudiced by counsel's failure to call Ms. Robbins to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007).

Petitioner next claims that his trial counsel was ineffective because he failed to effectively examine Kimberly Robbins, an alibi witness for Petitioner. Robbins testified "as to exact times when [Petitioner] was with [her] between December 2010 and May 2011."

- 15 -

A review of Kimberly Robbins' testimony shows that defense counsel questioned her about the fact that she had been in a romantic relationship with Petitioner from December of 2010 until his arrest in May of 2011. Tr. 9/20/12, pp. 422-28. Counsel elicited testimony from Robbins that beginning in January of 2011, Petitioner would stay every night at her house. Robbins testified that Petitioner stayed at her house every night until May of 2011. *Id*. at 425). Robbins testified that other than Petitioner going to his job, he was never away from her home for more than a few hours. *Id*. at 426-27.

Petitioner has offered no evidence that Ms. Robbins would have been able to remember Petitioner being with her on the specific date and time of the home invasion had she been asked by counsel. Counsel did elicit testimony from Ms. Robbins that Petitioner had stayed at her house every night from January of 2011 until May of 2011. Counsel's questioning was sufficient to present Petitioner's alibi defense to the jury. Petitioner's claim that if his counsel had questioned Ms. Robbins more thoroughly, she would have testified in a more credible way is purely speculative. Petitioner's counsel was not ineffective for this reason. *See, e.g.*, *United States v. Burwell*, 83 F. Supp. 3d 6, 12 (D.D.C. 2015).

Petitioner further contends that trial counsel was ineffective for failing to more adequately cross-examine the various police witnesses.

Petitioner's claim is conclusory. Petitioner does not indicate what questions his attorney should have asked the police witnesses. Petitioner has not identified how additional impeachment of the officers would have affected the jury verdict. Defense counsel did not perform ineffectively by not more fully cross-examining these witnesses, particularly when the effect of further probing is entirely speculative on Petitioner's part. *See Jackson v. Bradshaw*, 681 F.3d 753, 764-65 (6th Cir. 2012).

Petitioner finally contends that counsel was ineffective because he failed to visit him before trial. The record establishes that counsel was present and assisted Petitioner at the pre-trial and trial proceedings. Petitioner is not entitled to relief on his claim because he failed to show that he was prejudiced by counsel's alleged failure to consult with him prior to trial. *See Bowling v. Parker,* 344 F. 3d 487, 506 (6th Cir. 2003) (holding trial counsel's alleged failure to consult with defendant was not ineffective, although attorneys allegedly met with defendant for less than one hour in preparing defense, because defendant did not show how additional consultation could have altered outcome of trial). Petitioner is not entitled to relief on his ineffective assistance of counsel claims.

## D.

Petitioner lastly claims that he is entitled to relief because of a miscarriage of justice. Petitioner first contends that he is entitled to habeas relief because of his actual innocence. In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id. See also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"). Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F.3d 844, 854-55 (6th Cir. 2007) (collecting cases). Petitioner is therefore not entitled to relief for this claim under available Supreme Court precedent. *See Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007).

- 17 -

Petitioner further alleges that he was forced to go to trial in jail clothing. The trial judge rejected this claim in denying the motion for a new trial, finding that Petitioner had worn civilian clothing at trial and that there was no evidence that the Taser belt under his clothing was visible to the jury. (Tr. 11/19/12, pp. 13-15).

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). The factual finding by the trial court that Petitioner was not wearing jail clothing or that any restraints were visible to the jurors is binding on this Court unless Petitioner can show that it is clearly erroneous. *See, e.g.*, *Earhart v. Konteh*, 589 F.3d 337, 349 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)). Petitioner has offered no clear and convincing evidence to rebut the trial judge's finding that he was not wearing jail clothing or restraints visible to the jury during trial. He is not entitled to relief on this claim.

Petitioner next contends that Christine Roberts committed perjury at his trial. The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972). There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(internal citations omitted). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998).

- 18 -

Petitioner presented no evidence to suggest that Ms. Roberts testified falsely. Conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence. *Barnett v. United States*, 439 F.2d 801, 802 (6th Cir. 1971). More importantly, assuming that Ms. Roberts's testified falsely on some matters, Petitioner is still not entitled to habeas relief on his perjury claim, because he has failed to show that the prosecutor knew that the witness testified falsely. *See Rosencrantz v. Lafler*, 568 F. 3d 577, 587 (6th Cir. 2009).

## IV.

The petition for a writ of habeas corpus will be denied. Petitioner will also be denied a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Because McFerrin has not made a substantial showing of the denial of a constitutional right he is not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois*

*Prisoner Review Bd.*, 163 F.3d 1025, 1025-1027 (7th Cir. 1998). The Court will also deny

Petitioner leave to proceed *in forma pauperis* on appeal because the appeal would be frivolous.

28 U.S.C. § 1915(a)(3).

**V.**

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is

**DENIED and DISMISSED with prejudice**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED.**


Dated: January 26, 2016                          s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on January 26, 2016.

                        s/Michael A. Sian
                        MICHAEL A. SIAN, Case Manager

---